# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:08cv50

| | |
|---|---|
| LINCOLN-GASTON FARMERS MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) Vs. ) ) GENERAL ELECTRIC COMPANY; ) EMERSON ELECTRIC CO.; and ) THERM-O-DISC, INCORPORATED, ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on defendants Emerson Electric Co.'s and Therm-O-Disc, Inc.'s (hereinafter the "remaining defendants") Motion for Sanctions (#37). In essence, defendants contend that plaintiff failed to do an adequate pre-filing investigation of the facts underlying its claim and that had such an investigation been done, plaintiff would have realized that defendants' products or components were not implicated in the fire. Plaintiff has timely filed a response and the remaining defendants have timely filed a reply. Still pending before the court is plaintiff's Motion to Dismiss its claims against Emerson Electric Co. and Therm-O-Disc, Inc., to which such defendants consent, but argue that dismissal should only follow

payment of the fees and costs herein sought. Docket Entry #36, at 1. In the instant motion, defendants seek to recover the sum of $59,719.71 as the "total of fees and costs incurred . . . ." Memorandum in Support, Docket Entry #37-2, at p. 5.

According to the Notice[1] filed by the remaining defendants, <u>see</u> Docket Entry#34, a copy of their Motion for Sanctions was served on counsel for plaintiff on February 19, 2009, satisfying their safe-harbor service obligation. According to Wright and Miller,

> The addition of the safe harbor provision in the 1993 amendment [to Rule 11] dramatically changed the effect that a final judgment or the dismissal of the claim has on the possibility of a Rule 11 proceeding.... service of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected.

5A Wright and Miller, Federal Practice and Procedure § 1337.2, at 727 (3d ed.2004). Since receiving the safe harbor notification on February 19, 2009, counsel for plaintiff took two remedial actions to have this case dismissed: first, on February 27, 2009, plaintiff filed a Rule 41 Motion to Dismiss claims it asserted against the remaining defendants; and second, on March 9, 2009, plaintiff and General Electric

---

[1] The better practice may have been for the remaining defendants to certify that it served the Motion for Sanctions on February 19 in the certificate of service attached to the March 12 Motion for Sanctions, which is where the court first looked for compliance. Instead, the certificate of service indicates service on the same day the Motion for Sanctions was filed.

Company (hereinafter "GE") filed a Stipulation of Dismissal with prejudice of the claims asserted by plaintiff against GE.

With such remedial actions taken by plaintiff in response to safe harbor notification, the court must, therefore, determine whether the remaining defendants properly filed their Motion for Sanctions on March 12, 2009. Rule 11(c)(2) provides in relevant part that

> [t]he motion must be served under Rule 5, **but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets**. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed.R.Civ.P. 11(c)(2)(emphasis added). Review of the docket leads the undersigned to conclude that plaintiff took prompt remedial action after it was served with the motion, to wit, it dismissed the claims against GE and filed a Rule 41 Motion to Dismiss the claims against the remaining defendants. Thus, under Rule 11(c)(2) the motion should not have been filed.

It is readily apparent from the pleadings now before the court that plaintiff has been attempting to take a dismissal of all claims since at least December 2008, but that it was unable to file a stipulation of dismissal as to the claims asserted against the remaining defendants as they apparently refused to sign without payment of their fees

and costs.² The court has reviewed the exhibits annexed to the Motion for Sanctions. Defendants have attached to their memorandum what appear to be pre-litigation and litigation correspondence between the parties.³ Of relevance to the Rule 11(c)(2) issue is a series of letters between counsel in December 2008. In the initial letter, counsel for defendants threatens Rule 11 sanctions, recounting the deposition testimony of plaintiff's expert, taken the previous week, and then states as follows:

> You and your client deserve an opportunity to do the right thing, to reimburse TOD/Emerson for attorneys' fees and expenses, before service of a formal FRCP 11(b) letter. Please call me at the earliest opportunity.

Defendants' Ex. B., Docket Entry 37-4, at p. 1. In a responsive letter sent December 12, 2008, counsel for plaintiff denies any Rule 11 violation and tenders a proposed Rule 41(a) stipulation of dismissal. Defendants' Ex. C., Docket Entry # 37-5, at pp. 1-2. In a reply letter dated December 16, 2008, counsel for defendants sets forth the reasons he believes Rule 11 sanctions would be appropriate and concludes by stating "[w]ill you reconsider your position or must I make a formal motion?" Defendants' Ex. D., Docket Entry 37-6, at pp. 1-7. No where in the correspondence do defendants

---

² The undersigned notes that had this action been in state court, plaintiff could have taken a voluntary dismissal without leave of defendants or the court at any time.

³ Such exhibits are unaccompanied by an affidavit making them of no evidentiary value. Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993)("To be admissible at summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" Id. (citation omitted)).

demand, however, that the action be dismissed or that similar remedial action be taken.[4]  Instead, the demand is for costs and fees not dismissal of the now impudent claims.

The undersigned has turned to the comments of the drafters of the 1993 amendment to Rule 11, in which they state as follows:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed.R.Civ.P. 11, Advisory Committee Notes (1993 Amendments). Honorable T. S. Ellis, United States District Judge, held similarly, as follows:

> This principle finds firm support in the purpose of Rule 11's twenty-one day safe harbor period, namely to allow the offending party twenty-one days to withdraw the offending claims and escape sanctions.

Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299, 308 -309 (E.D.Va.2004). Logically, then, plaintiff's Motion to Dismiss the offending claims (now pending),

---

[4] Inasmuch as the duty under Rule 11 is to avoid the filing of meritless pleadings, the court notes that a demand for payment of fees and costs is not a demand for corrective action as anticipated by the rules.  No where in the defendants' letter do they demand that the Complaint be dismissed with prejudice.

which was filed after the Motion for Sanctions was served but before it was filed moots the issue of sanctions inasmuch as the remedial action sought by Rule 11 has been applied for by plaintiff.

A safe harbor is precisely that: it is to allow an offending party to take corrective action without incurring a sanction, which in this case would be to dismiss offending claims. The safe harbor is not, as suggested by the remaining defendants, to pay demanded sanctions. To find otherwise would be to transmogrify Rule 11 into a sword for obtaining fees and costs rather than a shield to protect the judicial process from claims that are not viable or no longer viable after discovery reveals a claim is lacking in evidentiary support.

The remaining defendants simply cannot argue that sanctions are appropriate because plaintiff failed to pay sanctions. The undersigned must respectfully recommend that defendants' Motion for Sanctions be denied as improperly filed as plaintiff has availed itself of the safe harbor.[5]

* * *

To be thorough, the undersigned has also considered whether sanctions would

---

[5] The undersigned respectfully notes that Rule 11 provides for the award of fees in either successfully bringing or defending a Motion for Sanctions that is filed where such is "warranted." The undersigned cannot find such award warranted as to either the plaintiff or the remaining defendants in this case.

be appropriate under the court's inherent authority. Such issue was addressed by the Court of Appeals for the Fourth Circuit in a case where the safe harbor provisions were not complied with before the filing of a motion for sanctions:

> The failure of a party to comply with the safe-harbor requirements affects only the district court's authority to impose sanctions requested by a party under Rule 11(c)(1)(A). For example, failure to comply with the safe-harbor provisions would have no effect on the court's authority to *sua sponte* impose sanctions under Rule 11(c)(1)(B), to award costs pursuant to 28 U.S.C.A. § 1927, or to impose sanctions within its inherent power, *see United States v. Shaffer Equipment Co.*, 11 F.3d 450, 461-62 (4th Cir.1993).

Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 389 (4th Cir.2004). The undersigned has closely reviewed the pleadings for any *indicia* that the Complaint or any other pleading was filed in bad faith or that other misconduct occurred in this case. None can be found. In Dattner v. Conagra Foods, Inc., 458 F.3d 98 (2nd Cir. 2006), the Second Circuit Court of Appeals reasoned that:

> a district court may still, in appropriate circumstances, award costs . . . pursuant to its inherent authority. Of course, the exercise of such authority requires the court to find that the plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons."

Id., at 103 (citation omitted). While defendants have made a thorough and good faith argument that plaintiff filed the Complaint knowing that defendants' products were not implicated in the fire, such a conclusion cannot be so readily drawn from the pleadings of record. It did not become clear that plaintiff's Complaint lacked factual

support until December 5, 2008, when plaintiff's expert testified that defects in these defendants' products or component products were not implicated in the fire. Thereinafter, plaintiff took prompt remedial action to dismiss its claims by sending a stipulation of dismissal to counsel for these defendants within one week of the deposition.[6] While defendants have pointed to other pre-litigation correspondence in support of an argument that sanctions should be imposed, it does not appear from such correspondence or any other materials of record that plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons when it filed the Complaint. Finally, the delay in filing the December 2008 stipulation until March 2009 gives the undersigned some concern, but those concerns go only to the efficient administration of justice and do not rise to a level that would warrant imposition of sanctions under the court's inherent authority inasmuch as such delay in filing is, apparently, not wholly attributable to plaintiff inasmuch as the remaining defendants could have signed a stipulation of dismissal in December 2008.

---

[6] It does, however, appear that the Stipulation of Dismissal proposed by plaintiff in December 2008 would have been "without prejudice," which may well have been objectionable to the remaining defendants. Docket Entry #39-3. However, the stipulated dismissal actually filed in regards to GE was with prejudice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants Emerson Electric Co.'s and Therm-O-Disc, Inc.'s Motion for Sanctions (#37) be **DENIED** and that imposition of sanctions against any party under the court's inherent authority, Rule 11, or any other provision be **DENIED**.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 21, 2009

Dennis L. Howell
United States Magistrate Judge